IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED and RESEARCH IN MOTION CORPORATION, § § § Plaintiffs, § § v. § § DATAQUILL BVI, LTD., § § Defendant § | Civil Action No. 3:06-cv-973-N  ECF  Jury Trial Demanded  Judge David C. Godbey |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF RIM'S MOTION FOR ISSUANCE OF LETTERS ROGATORY

Plaintiffs Research in Motion Limited and Research in Motion Corporation (hereinafter collectively "RIM") submit this memorandum and points and authorities in support of RIM's Motion for Issuance of Letters Rogatory filed concurrently herewith, regarding the deposition of Garry Douglas Robb, as resident of British Columbia, Canada.

RIM has attempted to obtain agreement for a date for a voluntary deposition in the United States or elsewhere from counsel for Mr. Robb  Duffey Decl. at ¶ 12.  However, no such agreement has been forthcoming.  As time is of the essence, and expert disclosures are due May 23, 2008, RIM moves the Court for issuance of the attached Letter to collect documents from Mr. Robb and take his deposition in British Columbia, Canada.

### I. APPLICABLE RULES

Under Rule 28(b), a "deposition may be taken in a foreign country … (2) pursuant to a letter of request (whether or not captioned a letter rogatory)...".  Issuance of a Letter of Rogatory is the proper method for obtaining evidence in Canada from non-party witnesses, as Canada is not a signatory to the Hague Convention of 1970.  *See* Fed. R. Civ. P. Rule 28(b).

1

Under the laws of the British Columbia, Evidence Action 53, the Supreme Court of British Columbia:

> If, on application, it is made to appear to the Supreme Court that a court or tribunal of competent jurisdiction in a foreign country has, by commission, order or other process, duly authorized obtaining the testimony of a witness outside of its jurisdiction but within the jurisdiction of the Supreme Court and the testimony relates to an action, suit or proceeding pending in or before the foreign court or tribunal, the Supreme Court may:
>
> (a) order the examination of the witness before the person appointed, and in a manner and form directed by the commission, order or other process,
>
> (b) by the same order or a subsequent order, command either or both of the following:
>     (i) the attendance of the named witness for the purpose of being examiner;
>     (ii) the production of any writing or other documents mentioned in the order, and
>
> (c) give directions regarding
>     (i) the time, place and manner of the examination, and (ii) all other matters connected with the examination that appear reasonable and just.

124 R.S.B.C. § 53 (attached).

Counsel for Mr. Robb has confirmed that Mr. Robb is a resident of British Columbia; and that Mr. Robb is not under the control of DataQuill. Therefore, as Mr. Robb is a resident of British Columbia and not a party to this suit, the issuance of a Letters Rogatory to the Supreme Court of British Columbia is the proper mechanism to obtain Mr. Robb's testimony.

## II.   GARRY DOUGLAS ROBB'S DOCUMENTS AND TESTIMONY ARE CRITICAL TO RIM'S CASE

Robb is a named inventor on U.S. Patent Nos. 6,058,304 and 7,139,591 ("the Patents in Suit"). *See* Duffey Decl. at ¶ 4 and 5. Mr. Robb is also listed as an inventor on various other related patents. For instance, Mr. Robb is the sole named inventor on Great Britain patent No. GB 2,282,906. *See id.* at 6. And the British counterpart to U.S. Patent 6,058,304 at issue in this case is Great Britain patent 2,282,907. *See id.* at ¶ 7. An earlier patent, GB 2,202,664, is also in

2

the name of Robb, and is discussed in the background section of each of the Patents in Suit. *See id*. at 8. Further, Robb is the sole inventor on related U.S. Patent No. 6,177,950, entitled "Multifunctional Portable Telephone," a patent related to many of the same technical features as the Patents in Suit. Therefore, Mr. Robb's testimony regarding state of the art, conception of and prior art to the asserted claims, enablement and priority dates of the claims at issue, and inventorship of the claims at issue are critical to RIM's case. Further, Mr. Robb previously testified in a prior litigation that he worked with personnel at the University of Edinburgh, Scotland, on the same or related technologies as the Patents in Suit during relevant time periods:

> Q: Now, you mentioned the University of Edinburgh, that you worked with them on your DataQuill project?
>
> A: Correct.
>
> Q: When did that start?
>
> A: It was during the sort of time the --- my initial patent was granted. I remember the UK government had given me a lead…
>
> Q: What did you need the university for?
>
> A: Well, it was, it was a very bad concept at the time and, and there wasn't very many people around that could help. Prior to leaving Canada, there was—I had some engineering people at Baker – I think it was Baker Engineering in – that was in Edmonton. And we were, we were doing some stuff on, on the, on the DataQuill home-shopping thing before I left. So – by the time I left, I was totally ensconced in the, in the electronic stuff. ….
>
> Q: What help did you need from the universities? What, what did you need them to do?
>
> A: Reduce my concepts and inventions to practice. Like, actually, you know, putting together circuitry and what have you, while I was off doing designing the cases and various thing, trying to make the whole thing acceptable to the user, i.e. the user interface, the friendly-user-interface part.
>
> Q: You say to help with the circuitry. Did you need their help or help from the university with respect to software programming?

3

A:   Yeah, I got into that after, yeah, some of that, yeah, circuits and stuff. More on firmware, I think, than, than software. Firmware was the thing that made the, you know, the actual functionality happen, bring all the circuitry together, the had circuitry, you know, the microchips and the memory and the drivers and interface stuff, I/Os, all that kind of stuff.

Q:   And why did you ultimately choose the University of Edinburgh?

A:   They were interested in the project and they said they would help, so, you know, they …

…

Q:   Did you keep any of – any file or documents with respect to your relationship with the University of Edinburgh?

A:   I believe I would have, but I can't recall at the moment what that might have been. I – it's a long time ago.

Q:   Do you know whether you still have that file?

A:   I believe everything I had I transferred to Greg at the Competition – the Competition Law Group, whether specifically Greg or Dave Berten.. But I think I would have given everything to them years ago that I had, everything. …

Dep. of Garry D. Robb, April 15, 2005, *DataQuill v. Kyocera Wireless Corp.*, S.D. Cal.; at 22:8-26:16. *See* Duffey Decl. at ¶ 10; *see also* Duffey Decl. at ¶ 11 and attached contracts with the University of Edinburgh.

Further, documents produced in the United States further suggest that Mr. Robb was also instrumental in the formation of a company which first attempted to license the technology of the Patents in Suit.

For the foregoing reasons, Mr. Robb has information critical to establish issues relating to proper inventorship, enablement, written description, state of the art, prior art, and ownership of the Patents in Suit, as well as damages *inter alia* in the present case. And, Mr. Robb is the only person from which this testimony may be obtained. For instance, no other person may testify as to Mr. Robb's understanding and recollection of past events or prior art.

## III. CONCLUSION

For the foregoing reasons, RIM respectfully requests that the Court issue Letters Rogatory to the Supreme Court of British Columbia, Canada requesting that it summon Mr. Robb for deposition on oral examination and order him to produce documents as stated in the attached Proposed Letter.

Dated:  March 6, 2008

/s/ Gregory A. Duffey_____

Peter J. Chassman (*pro hac vice*)
chassmanp@howrey.com
Texas State Bar No. 00787233
Attorney in Charge

Gregory A. Duffey
duffeyg@howrey.com
Texas State Bar No. 50511771

Robert A. Calico III
calicor@howrey.com
Texas State Bar No. 24059527
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Tel: 713-787-1400
Fax: 713-787-1440

George W. Bramblett, Jr.
george.bramblett@haynesboone.com
Texas State Bar No. 02867000

Phillip B. Philbin
phillip.philbin@haynesboone.com
Texas State Bar No. 15909020

John R. Emerson
russ.emerson@haynesboone.com
Texas State Bar No. 24002053

HAYNES AND BOONE, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Tel: 214-651-5000
Fax: 214-651-5940

ATTORNEYS FOR RESEARCH IN MOTION LIMITED AND RESEARCH IN MOTION CORPORATION

## CERTIFICATE OF CONFERENCE

     Outside counsel for RIM, Gregory Duffey, and counsel for DataQuill, Greg Smith, met and conferred by e-mail and by telephone today concerning the above-reference motion. Counsel for DataQuill will oppose the present motion.

                                           /s/Gregory A. Duffey_____
                                           Gregory A. Duffey

## CERTIFICATE OF SERVICE

I certify that on the 6th day of March, 2008, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

>Kay Lynn Brumbaugh
>Jerry L. Beane
>ANDREWS KURTH LLP
>1717 Main Street, Suite 3700
>Dallas, Texas 75201
>
>David Berten
>Gregory J. Smith
>Rhett Dennerline
>COMPETITION LAW GROUP
>55 W. Monroe Street, Suite 1930
>Chicago, Illinois 60603

I hereby certify that I have served the foregoing document by mailing a copy to the following individuals:

>None

>/s/ Gregory A. Duffey
>Gregory A. Duffey